35 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deborah Ann POLLARD, Defendant-Appellant.
 No. 93-4312.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1994.
 
 Before: MILBURN and DAUGHTREY, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 On April 14, 1992, defendant-appellant Deborah Ann Pollard ("Pollard") was indicted for passing a forged Treasury check in violation of 18 U.S.C. Sec. 510(a)(2). Pollard pled not guilty at her arraignment on July 21, 1992. On August 14, 1992, Pollard agreed to the preparation of a pre-plea presentence report. The presentence report recommended a sentencing range of 12-18 months imprisonment.
 
 
 2
 On November 2, 1992, Pollard changed her plea to guilty. The district court sentenced Pollard to 24 months imprisonment[1] and three years of supervised release, and ordered that she pay restitution. The district court justified the departure by noting the severity of Pollard's criminal past. See Judgment in a Criminal Case at 5 ("Upward departure to 31 Criminal History Points.").
 
 
 3
 On November 9, 1992, Pollard sought a new trial alleging that the district court: failed to provide notice of its intent to depart from the applicable sentencing guideline range; exceeded its authority by departing; and, failed to consider her acceptance of responsibility. On November 22, 1993, the district court denied Pollard's motion for a new trial. Pollard timely appealed.
 
 
 4
 Though the district court advised Pollard that she would be waiving certain rights by pleading guilty, the parties agree that the court failed to note: the maximum term of imprisonment that she faced; that a term of supervised release would be imposed; and, that the court could depart from the applicable sentencing guideline range.
 
 
 5
 Because the parties agree that Pollard's plea was defective, see Appellee's Brief at 7 (the United States "concedes ... that the plea was defective"), we VACATE Pollard's guilty plea and sentence, and REMAND this action to the district court for further proceedings.[2]
 
 
 
 [1]
 The United States argued that criminal history category VI (corresponding to 13 or more criminal history points) underrepresented Pollard's criminal past because Pollard had accumulated 31 criminal history points. The probation officer that prepared Pollard's presentence report rejected the United States' position. The district court rejected the probation officer's recommendation
 
 
 [2]
 The applicable Federal Rule of Criminal Procedure provides:
 Before accepting a plea of guilty ..., the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, ... the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, [and] the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances....
 Fed.R.Crim.P. 11(c).